**Last revised: August 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:   ZILMA I. ACOSTA,                                   Case No.:   16-34520 RG

                                                            Judge:      ROSEMARY GAMBARDELLA

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original              ☒ Modified/Notice Required           Date: AUGUST 30, 2017

☒ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___HR__        Initial Debtor: ____ZA____        initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

    a. The debtor shall pay $ __350___ per _MONTH____ to the Chapter 13 Trustee, starting on _____JANUARY OF 2017_____ for approximately ___THIRTY-SIX (36)____ months.

    b. The debtor shall make plan payments to the Trustee from the following sources:

       ☒    Future earnings

       ☐    Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:

       ☐  Sale of real property
       Description:

       Proposed date for completion: _____

       ☐   Refinance of real property:
       Description:
       Proposed date for completion: _____

       ☒   Loan modification with respect to mortgage encumbering property:
       Description:  102 Grove Street, Bloomfield, New Jersey.  Trustee is not to pay Cenlar's, pre-petition mortgage arrearage claim regarding this property.  Pre-petition mortgage arrears, due to Cenlar, are to be addressed through loan modification.  Debtor to make trial modification payment, not regular monthly mortgage payment, to Cenlar.  Note, final modification has been provided.
       Proposed date for completion: _October 31, 2017, or as extended by the Court._

    d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. ☒ Other information that may be important relating to the payment and length of plan: Trustee is not to pay Cenlar's, pre-petition mortgage arrearage claim regarding this property.  Pre-petition mortgage arrears, due to Cenlar, are to be addressed through loan modification.  Debtor to make trial modification payment, not regular monthly mortgage payment, to Cenlar.

**Part 2:   Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $3,000 (ORIGINAL LEGAL FEE PLUS SUPP. COUNSEL FEES) |
| DOMESTIC SUPPORT OBLIGATION | | NONE/NA |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: | | |

| Part 4: | Secured Claims |
|---|---|

**a. Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE |||
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

**Part 5:   Unsecured Claims ☐ NONE**

   a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

     ☐ Not less than $ _____ to be distributed *pro rata*

     ☒ Not less than ___100__ percent

     ☐ *Pro Rata* distribution from any remaining funds

   b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:   Executory Contracts and Unexpired Leases ☒ NONE**

   (NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

   All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☐ NONE**

NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

   a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☐ NONE

   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| FRANKLIN MUTUAL INSURANCE | JUDGMENT LIEN AGAINST REAL PROPERTY | JUDGMENT LIEN | $3,507.02 | $214,220 | $11,710.83 | CENLAR FSB IAO $202,509.17 | ENTIRE JUDGMENT LIEN IAO $3,507.02 |

   b.  **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE**

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

   c.  **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.  ☒ NONE**

   The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

### a. Vesting of Property of the Estate

☒    Upon confirmation

☐    Upon discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions, Counsel Fees and Supplemental Counsel Fees

2) Priority Claims _____

3) Secured Claims_____

4) Unsecured Claims_____

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____JANUARY 15, 2017_____.

| Explain below **why** the plan is being modified: TO PROVIDE FOR THE AVOIDANCE OF A JUDGMENT LIEN. | Explain below **how** the plan is being modified:    NO CHANGE IN THE PLAN TERM, THE DEBTOR IS IN THE MIDDLE OF MODIFIYING THE MORTGAGE, A FINAL MODIFICATION WAS PROVIDED. THE PLAN NOW PROVIDES FOR THE AVOIDANCE OF A JUDGMENT LIEN AGAINST THE PROPERTY. NO CHANGE IN THE PLAN PAYMENT AMOUNT OR PLAN TERM. |
|---|---|

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: AUGUST 30, 2017    _____        /S/ HERBERT B. RAYMOND, ESQ._____
                                                                                Attorney for the Debtor

Date: AUGUST 30, 3017 _____        /S/ ZILMA I. ACOSTA_____
                                                                                Debtor

Date: _____        _____
                                                                                Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: _AUGUST 30, 2017       _____                /S/ HERBERT B. RAYMOND, ESQ._____
                                                  Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: AUGUST 30, 2017 _____            /S/ ZILMA I. ACOSTA_____
                                                 Debtor

Date: _____              _____
                                                 Joint Debtor

```
                        United States Bankruptcy Court
                            District of New Jersey
In re:                                                    Case No. 16-34520-RG
    Zilma I Acosta                                        Chapter 13
            Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0312-2          User: admin              Page 1 of 2          Date Rcvd: Aug 31, 2017
                              Form ID: pdf901          Total Noticed: 23
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 02, 2017.
db             +Zilma I Acosta,    102 Grove Street,     Bloomfield, NJ 07003-5648
516569132      +Capital One,    PO Box 85617,    Richmond, VA 23285-5617
516569133      +Cenlar,    PO Box 77404,    Trenton, NJ 08628-6404
516815594      +Cenlar FSB,    425 Phillips Blvd,     Ewing, NJ 08618-1430
516569134      +Cenlar Federal Savings Bank,      425 Phillips Blvd.,    Trenton, NJ 08618-1430
516569136      +Evergreen Emergency Associates,      P0 Box 30743,    Tampa, FL 33630-3743
516569137      +Franklin Mutual Insurance,     5 Broad Street,     Branchville, NJ 07826-5601
516569138       Imaging Subspecialists of North Jersey,      PO Box 3607,    Evansville, IN 47735-3607
516569139      +KML Law Group,    701 Market St., Ste. 5000,     Philadelphia, PA 19106-1541
516569140       The Derm Group,    PO Box 791486,     Baltimore, MD 21279-1486
516569141      +The Dermatology Group,     60 Pompton Avenue,     Verona, NJ 07044-2946
516569142      +The Dermatology Group,     PO Box 827245,     Philadelphia, PA 19182-7245
516569143      +VRMNJ,    306 Main Street, 2nd Floor,     Millburn, NJ 07041-1178
516569144      +West Hudson Pulmonary Associates,      816 Kearny Avenue,    Kearny, NJ 07032-3148
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 31 2017 23:22:28      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,     Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 31 2017 23:22:26      United States Trustee,
                 Office of the United States Trustee,      1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com Aug 31 2017 23:24:16
                 Synchrony Bank c/o PRA Receivables Management, LLC,      PO BOX 41021,    Norfolk, VA 23541-1021
516569130       E-mail/Text: ebn@americollect.com Aug 31 2017 23:22:34      Americollect Inc,    PO Box 1566,
                 Manitowoc, WI 54221
516569129      +E-mail/Text: seinhorn@ars-llc.biz Aug 31 2017 23:23:08      Ability Recovery Service,
                 PO Box 4031,    Wyoming, PA 18644-0031
516569135      +E-mail/Text: kzoepfel@credit-control.com Aug 31 2017 23:22:30
                 Central Loan Admin & Reporting,      425 Phillips Blvd,    Ewing, NJ 08618-1430
516655419      +E-mail/PDF: gecsedi@recoverycorp.com Aug 31 2017 23:23:39      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,      PO Box 41021,    Norfolk, VA 23541-1021
516569145      +E-mail/Text: collect@williamsalexander.com Aug 31 2017 23:22:12
                 Williams, Alexander & Associates,     PO Box 2148,    Wayne, NJ 07474-2148
516569146      +E-mail/Text: collect@williamsalexander.com Aug 31 2017 23:22:12      Williams/Alexander & A,
                 1479 Route 23 South,    Wayne, NJ 07470-7507
                                                                                              TOTAL: 9

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516569131*     ++AMERICOLLECT INC,    PO BOX 2080,    MANITOWOC WI 54221-2080
                (address filed with court:   Americollect Inc,     Po Box 1566,    Manitowoc, WI 54221)
                                                                                              TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2017                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 31, 2017 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    New Jersey Housing And Mortgage Finance Agency
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Herbert B. Raymond    on behalf of Debtor Zilma I Acosta bankruptcy123@comcast.net,
               jeff.raymond@comcast.net;raymondmail@comcast.net;carol-raymond@comcast.net;bankruptcyattorneys@co
               mcast.net;herbertraymond@gmail.com;carbonell_c@hotmail.com;kdelyon.raymond@gmail.com
```

```
District/off: 0312-2          User: admin              Page 2 of 2               Date Rcvd: Aug 31, 2017
                              Form ID: pdf901          Total Noticed: 23
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          Marie-Ann  Greenberg     magecf@magtrustee.com
          U.S. Trustee.    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                          TOTAL: 4